UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**TONYA C. BINIARIS,**

    **Plaintiff,**

**v.**                                                          **CIVIL ACTION NO. 2:18cv467**

**HANSEL UNION CONSULTING, PLLC,**

    **Defendant.**

## MEMORANDUM ORDER

This matter comes before the court on Defendant Hansel Union Consulting, PLLC's ("Hansel") Motion for Judgment on the Pleadings ("Motion"), ECF No. 12, and accompanying Memorandum in Support, ECF No. 13, filed on April 17, 2019. Plaintiff Tonya C. Biniaris ("Biniaris") filed a Response on May 1, 2019, ECF No. 14, and Hansel filed a Reply on May 7, 2019, ECF No. 15. The matter has now been fully briefed and is ripe for review.[1] For the reasons below, Hansel's Motion is **GRANTED IN PART AND DENIED IN PART.**

### I. BACKGROUND

The following facts are taken from Biniaris' First Amended Complaint, ECF No. 5, and for the purposes of this Motion are accepted as true. See, e.g., Venkatraman v. REI Sys., Inc., 417

---

[1] On May 14, 2019, Hansel filed a Local Civil Rule 7(E) Notice, indicating that it does not request a hearing on its Motion. ECF No. 16.

F.3d 418, 420 (4th Cir. 2005). Biniaris was employed by Hansel from July 31, 2017 through March 13, 2018, and in her most recent position at Hansel she worked as a physical therapist. Am. Compl. ¶ 11. Hansel is a professional limited liability company that provides physical therapy and consultation services. Id. ¶¶ 7, 12. In its business, Hansel receives payments via Medicare and Medicaid. Id. ¶ 34.

On February 13, 2018, Biniaris suffered a lower back injury while on the job at Hansel. Id. ¶ 16. The lower back injury "substantially limited one or more of [Biniaris's] major life activities." Id. On February 20, 2018, Hansel assigned Biniaris to a revised work schedule due to her injury. Id. ¶ 18. Biniaris alleges that, even after her injury, her performance continued to meet or exceed Hansel's expectations. Id. ¶ 15.

On both February 20 and 26, 2018, Biniaris requested an accommodation from Hansel that would allow her to continue performing "physical" consulting work, which Biniaris alleges is an essential function of her job as a physical therapist. Id. ¶¶ 19-20. Hansel refused to accommodate Biniaris, and informed her that she could only return to her "regular" employment duties, if she was "released with no restrictions." Id. ¶ 48-49.

On March 13, 2018, Hansel terminated Biniaris. Id. ¶ 24. Hansel's stated reasons for terminating Biniaris were that she had taken patient files outside of the office, and that she had made

2

out-of-office patient visits. Id. ¶ 26. Biniaris alleges that she had permission to conduct out-of-office patient visits. Id. ¶ 28. She further alleges that at least two other Hansel employees took patient files out of the office, and said employees were not terminated by Hansel. Id. ¶ 27. Biniaris asserts that Hansel's stated reasons for her termination are pretextual, and that she was actually terminated due to her back injury. Id. ¶ 51. Due to her termination, Biniaris has suffered "lost or diminished earnings, pain and suffering, or mental and emotional distress." Id. ¶ 29.

On May 4, 2018, Biniaris filed a charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC"). Id. ¶ 9. On May 31, 2018, the EEOC issued Biniaris a Notice of Right to Sue. Id. ¶ 10. On August 29, 2018, Biniaris filed her Complaint in this court, ECF No. 1, and on December 11, 2018, she filed her First Amended Complaint, ECF No. 5. Biniaris claims that Hansel's actions have violated the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act" or "Act"), and the Virginians with Disabilities Act, Va. Code § 51.5-41. Am. Compl. ¶¶ 39, 56.

Hansel filed an Answer to Biniaris's First Amended Complaint on December 26, 2018. ECF No. 8. A Rule 16(b) Scheduling Conference was held on January 28, 2019, at which time it was ordered that Biniaris's discovery shall be completed by June 11, 2019; Hansel's

3

discovery shall be completed by July 9, 2019; and trial shall begin on August 20, 2019. ECF No. 11. On April 17, 2019, Hansel filed the instant Motion and accompanying Memorandum in Support, claiming that Biniaris's First Amended Complaint should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 13.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Id. In considering a motion under Rule 12(c), the court applies the same legal standard as it does in a motion under Federal Rule of Civil Procedure 12(b)(6). Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)).[2]

Pursuant to Rule 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

---

[2] In its Response to Hansel's Motion, Biniaris treated Hansel's Motion as one seeking summary judgment, ECF No. 14 at 3, and submitted several exhibits in opposition to summary judgment. Hansel has not moved for summary judgment, and discovery was ongoing at the time the Rule 12(c) Motion was filed. Accordingly, the court will not consider Biniaris's exhibits and will restrict its inquiry only to the pleadings, as required under Rule 12(c). See infra notes 5, 6, 7, and 8 and accompanying text.

4

a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To evaluate a Rule 12(b)(6) motion, the court accepts facts alleged in the complaint as true, and views those facts in the light most favorable to the plaintiff. E.g., Venkatraman, 417 F.3d at 420.

### III. ANALYSIS

Hansel advances three arguments in support of its Motion. See ECF No. 13. First, Hansel argues that Biniaris's Rehabilitation Act claim must be dismissed because the Rehabilitation Act does not apply to Hansel. Id. at 4. Second, Hansel argues that, if the court concludes that the Rehabilitation Act applies to Hansel, then Biniaris's Virginians with Disabilities Act claim must be dismissed, because the Virginians with Disabilities Act does not apply to employers already covered by the Rehabilitation Act. Id. at 5 n. 4. Third, Hansel argues that both of Biniaris's claims should be dismissed because Biniaris's First Amended Complaint contains only conclusory allegations, and does not sufficiently allege that Biniaris is disabled, or that she was a "qualified" individual, as required to state a claim under both the Rehabilitation Act and the Virginians with Disabilities Act. Id. at 6.

To be eligible for relief under Rule 12(c), the moving party must show that its motion is made "early enough not to delay

trial." Fed. R. Civ. P. 12(c). Hansel filed its Motion on April 17, 2019, almost four months after Hansel filed its Answer to Biniaris's First Amended Complaint. ECF No. 12; ECF No. 8. The parties have already had a Rule 16(b) scheduling conference, and at the time Hansel filed its Motion the parties were approximately halfway through the discovery process, with trial scheduled to begin on August 20, 2019. See ECF No. 11. At this stage of the proceedings, it is not clear that Hansel's Motion was made "early enough not to delay trial," considering the potential delay that would arise if Hansel's Motion was granted and Biniaris was permitted leave to amend her pleadings, thus requiring a new responsive pleading from Hansel and potentially a new Rule 16(b) Scheduling Conference.

It is unnecessary ultimately to resolve this question of timeliness here, because the allegations in Biniaris's First Amended Complaint, accepted as true and construed in the light most favorable to Biniaris, sufficiently state a claim for relief under the Rehabilitation Act. However, the timeliness of Hansel's Motion is of concern to the court and is addressed in this Memorandum Order.

### A. Applicability of the Rehabilitation Act

Pursuant to 29 U.S.C. § 794(a), "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from

participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."[3] The Rehabilitation Act makes clear that, in order for a private business to be subject to its requirements, the private business must receive "Federal financial assistance." Id. Biniaris alleges that, in its business, Hansel receives payments via Medicare and Medicaid. Am. Compl. ¶ 34. Hansel argues that such payments do not constitute "Federal financial assistance," such as would bring Hansel under the purview of the Rehabilitation Act. ECF No. 13 at 4.

As many courts have concluded, payments received from Medicare and Medicaid constitute "Federal financial assistance" under the Rehabilitation Act. E.g., United States v. Baylor Univ. Med. Ctr., 736 F.2d 1039, 1042 (5th Cir. 1984); Dorer v. Quest

---

[3] The Rehabilitation Act applies only to discrimination in a "program or activity." 29 U.S.C. § 794. It is not self-evident that Biniaris's employment constitutes a "program or activity." However, the phrase "program or activity" is defined for the purposes of the Act to include "all of the operations of an entire corporation, partnership, or other private organization, or an entire sole proprietorship, which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation." 29 U.S.C. § 794(b)(3)(A)(ii). In this case, Biniaris alleges that Hansel provides physical therapy and consultation services. Am. Compl. ¶ 12. Construing this fact in the light most favorable to Biniaris for the purposes of this Motion, the court concludes that Hansel is "principally engaged" in the business of providing health care. Therefore, the Rehabilitation Act's prohibition against disability-based discrimination applies to "all of the operations" of Hansel, including Biniaris's employment. See 29 U.S.C. § 794(b)(3)(A).

7

Diagnostics, Inc., 20 F. Supp. 2d 898, 900 (D. Md. 1998); N.Y. ex rel. Vacco v. Mid Hudson Med. Group, P.C. ("Vacco"), 877 F. Supp. 143, 149 (S.D.N.Y. 1995); In re Baby K, 832 F. Supp. 1022, 1027 (E.D. Va. 1993); Bernard B. v. Blue Cross and Blue Shield of Greater N.Y., 528 F. Supp. 125, 132 (S.D.N.Y. 1981), aff'd without opinion, 679 F.2d 7 (2d Cir. 1982).[4]

Payments from Medicare and Medicaid are appropriately considered "Federal financial assistance" because, unlike payments received from private insurers pursuant to traditional insurance policies, Medicare and Medicaid payments are a Federal assistance program, intended to subsidize the cost of healthcare for senior citizens and low-income families. See Vacco, 877 F. Supp. at 149-50. Including Medicare and Medicaid payments within the definition of "Federal financial assistance" also furthers the Congressional intent behind the Rehabilitation Act, which was enacted to prevent the funds of the United States from being used to support disability-based discrimination. See Baylor Univ. Med. Ctr., 736 F.2d at 1042 (analyzing the legislative history of the

---

[4] The court declines to follow Trageser v. Libbie Rehab. Ctr., 462 F. Supp. 424, 426 (E.D. Va. 1977) (Warriner, J.), aff'd. on other grounds, 590 F.2d 87 (4th Cir. 1978), which held that receipt of Medicare and Medicaid payments is not "Federal financial assistance" and does not subject recipients to the Rehabilitation Act. Although Hansel repeatedly urged in its Memorandum and Reply that this court must follow Trageser, the opinion of another district court, even within this district, is not binding precedent.

Rehabilitation Act to conclude that Medicare and Medicaid payments are "Federal financial assistance"). Accordingly, the receipt of Medicare and Medicaid payments properly subjects Hansel to the requirements of the Rehabilitation Act. Dismissal pursuant to Rule 12(c) is not warranted on this ground.

### B. Applicability of the Virginians with Disabilities Act

Having concluded that the Rehabilitation Act applies to Hansel, the court must also conclude that the Virginians with Disabilities Act does not apply to Hansel. The Virginians with Disabilities Act specifically provides that it "shall not apply to employers covered by the federal Rehabilitation Act of 1973." Va. Code § 51.5-41(f). Based on the facts in Biniaris's First Amended Complaint, Hansel is covered by the Rehabilitation Act, and so the Virginians with Disabilities Act does not apply to Hansel. Accordingly, Biniaris's Virginians with Disabilities Act claim is **DISMISSED WITHOUT PREJUDICE** to file the claim in state court, should it later be determined that the evidence in this case fails to support Biniaris's allegations that the Rehabilitation Act applies to Hansel.

### C. Sufficiency of Biniaris's Factual Allegations

For its final argument, Hansel argues that Biniaris has failed to sufficiently state a claim for disability discrimination under the Rehabilitation Act. ECF No. 13 at 2. To state a claim under the Rehabilitation Act, a plaintiff terminated from her employment

9

must establish that (1) she has a disability; (2) she is "otherwise qualified" for her employment; and (3) she was terminated "solely" by reason of her disability. Halpern v. Wake Forest Univ. Health Sci., 669 F.3d 454, 461-62 (4th Cir. 2012); Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1265 (4th Cir. 1995). Hansel argues that the facts in Biniaris's First Amended Complaint do not sufficiently allege that Biniaris has a disability, or that she was "otherwise qualified" for her employment at Hansel. ECF No. 13 at 5-10.

For the purposes of the Rehabilitation Act, a "disability" is "a physical or mental impairment that substantially limits one or more major life activities of [an] individual; a record of such an impairment; or being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1); see 29 U.S.C. § 705(9)(B) (providing that 42 U.S.C. § 12102 will define the term "disability" for the purposes of the Rehabilitation Act). Significantly, only permanent conditions constitute a "disability" for the purposes of the Act. McDonald v. Pa., Dept. of Pub. Welfare, Polk Ctr., 62 F.3d 92, 96 (3d Cir. 1995) (employee who was out of work for two months following surgery was not "disabled" under the Rehabilitation Act because of the temporary nature of her injury); Evans v. City of Dallas, 861 F.2d 846, 853 (5th Cir. 1988) (Rehabilitation Act claim properly dismissed because plaintiff's injury was not an "impairment of a continuing nature").

10

Biniaris alleges that she suffered a lower back injury while on the job at Hansel, and that said lower back injury "substantially limited one or more of [Biniaris's] major life activities." Am. Compl. ¶ 16. Biniaris's First Amended Complaint does not make clear whether Biniaris's back injury is of a permanent or temporary nature. For the purposes of this Motion, however, the court construes all facts alleged in the light most favorable to Biniaris. E.g., Venkatraman, 417 F.3d at 420. Viewing the facts in the light most favorable to Biniaris, Biniaris's allegations reasonably support a conclusion that Biniaris's injury was permanent in nature, given that Biniaris does not allege any specific time frame that she suffered from the back injury.[5] She has also alleged that the injury substantially limited one or more of her life activities.[6] Accordingly, Biniaris has pled sufficient facts to state a claim that she was "disabled" as the term is

---

[5] Hansel can determine the time frame during discovery. See infra note 6. Then, if appropriate, a motion for summary judgment under Federal Rule of Civil Procedure 56 may be filed on this point.

[6] Hansel argues that Biniaris has failed to state for which specific activities Biniaris was limited due to her back injury. To the extent that Hansel seeks greater detail about the nature and scope of Biniaris's purported disability, Hansel should seek this information through all the discovery resources available to it, including interrogatories, requests for admission, requests for production of documents, depositions, and expert witness disclosures.

11

defined under the Rehabilitation Act, and Hansel may not seek relief through a Rule 12(c) Motion on these issues.[7]

Biniaris has also pled sufficient facts to state a claim that she was "otherwise qualified" for her employment at Hansel. Under the Rehabilitation Act, "[a] 'qualified' individual is one 'who, with, or without reasonable modifications to rules, policies, or practices, . . . meets the essential eligibility requirements' for participation in a program or activity." Halpern, 669 F.3d at 462. In the specific context of employment, a "qualified" individual is one who, with or without reasonable accommodation, can perform all of the essential functions of his or her employment. See id.; Tyndall v. Nat'l Educ. Ctrs., Inc., 31 F.3d 209, 213 (4th Cir. 1994) (analyzing an identical standard under the Americans with Disabilities Act).

Based on the facts alleged in Biniaris's First Amended Complaint, Biniaris could perform the essential functions of her position. Biniaris was injured on February 13, 2018, and on February 20, 2018, she received a revised work schedule due to her injury. Id. ¶ 18. She then continued working for Hansel until March 13, 2018, and during that time she alleges that her performance of her job functions met or exceed Hansel's expectations. Id. ¶ 15. She was then terminated, purportedly for

---

[7] See supra notes 5 and 6 and accompanying text.

taking patient files outside of the office, and for having out-of-office patient visits—and not for any reasons related to her inability to perform essential job functions. Id. ¶ 26. Thus, there are no facts before the court that Biniaris was unable to perform any of the essential functions Hansel assigned to her after her injury.

Although Biniaris was apparently restricted from performing "physical" consulting work following her injury, and although Biniaris alleges that this was an "essential" function of her job as a physical therapist, Biniaris has sufficiently alleged that Hansel failed to reasonably accommodate her, thus preventing her from performing this essential function. Id. ¶¶ 19-20; 48-49. To state a claim for failure to accommodate under the Rehabilitation Act, a plaintiff must allege that (1) she was a qualified person with a disability; (2) the employer had notice of the disability; (3) the plaintiff could perform the essential functions of her position with a reasonable accommodation; and (4) the employer nonetheless refused to make the accommodation. Hannah P. v. Coats, 916 F.3d 327, 337 (4th Cir. 2019). Biniaris alleges that she requested an accommodation from Hansel on February 20 and 26, 2018, which would have allowed her to perform "physical" consulting work despite her injury. Am. Compl. ¶¶ 19-20. Hansel allegedly refused to accommodate Biniaris, and informed her that she could only

return to her "regular" employment duties if she was "released with no restrictions." Id. ¶ 48-49.[8]

Based on these alleged facts, Biniaris's inability to perform the essential function of "physical" consulting work does not prevent her from being consider a "qualified" individual, because she has sufficiently alleged that that Hansel failed to make a reasonable accommodation for her to allow her to perform this essential job function. Because Biniaris could allegedly perform all of the essential functions of her job with reasonable accommodation, she is a "qualified" individual under the Rehabilitation Act. Moreover, because Biniaris has sufficiently alleged that she has a disability, and that she was a "qualified" individual for her position at Hansel, dismissal pursuant to Rule 12(c) is not warranted on this ground.

## IV. CONCLUSION

For the reasons set forth above, Hansel's Motion for Judgment on the Pleadings is **GRANTED IN PART AND DENIED IN PART**. Biniaris's Rehabilitation Act claim goes forward at this juncture.

---

[8] Hansel argues that Biniaris should have pled additional facts regarding what type of "physical" consulting work she performed prior to her injury, and what type of accommodation would have allowed her to return to "physical" consulting work. To the extent Hansel seeks additional facts about the nature of Biniaris's failure to accommodate claim, however, Hansel should have sought this information through all the discovery resources available to it. See supra note 6.

The court also opines that Hansel may not utilize a Rule 12(c) Motion at this late stage in the proceedings as a substitute for a motion for summary judgment or the discovery process. Biniaris filed her First Amended Complaint on December 11, 2018, and Hansel answered it on December 26, 2018. The Rule 16(b) Scheduling Conference was held on January 28, 2019, and discovery began. Discovery was the appropriate vehicle to ascertain the details and facts of the allegations, and discovery was well ongoing when this tardy Rule 12(c) Motion was filed on April 17, 2019.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge RBS

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

June 11, 2019